IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:14-cr-00069 |
| | ) | Judge Trauger |
| JUSTIN FIFE, | ) | |

**SENTENCING POSITION**

Comes Justin Fife, by and through Counsel, and presents the following as issues for determination at this Court's set hearing on the subject of sentence:

1. The Presentence Report incorrectly takes statements of a witness named Courtney Jones and presents them as established fact. In particular, paragraphs 5, 6, and 7 each claim actions and statements which Justin Fife disputes and denies; however, Justin Fife admits that this one witness, a Courtney Jones, *once upon a time* made statements such as these - but later also made differing statements about the same events and words. The presentence report will be correct if changed to reflect that "Courtney Jones" or "a witness" claimed that the words and deeds in paragraphs 5, 6 and 7 occurred; but is incorrect in assuming the claims are true in whole or in part. Defendant does not think this objection affects either the calculation of the guidelines range or the Plea Agreement.

2. The date of offense in this case is November 28, 2012. A state charge (Tennessee) was made against the defendant. He was held in custody on the state charge, but the state charge was retired (*nolle prosequi.*) The state of Tennessee chose, instead, to proceed against Mr. Fife in an action to violate a previous probation (which was in effect at the time.) The charge, a 'felon in possession' count, was in effect relinquished by Tennessee in favor of this instant federal case. Mr. Fife was not ruled by Tennessee as having violated the previous probation until August 28, 2013. The state judge commented that ""I am directing that 274 days be accredited to this eight year sentence. Again, I -- it doesn't really matter to me whether the jail books it 274 against the violation or pending charge I am ordering 274 days of credit against the sentence. That's the credit for this last period of time he's been

in jail. He's entitled to whatever other credits there are."(Transcript of Suppression Motion / Violation Heaing of August 27 and 28, 2013, in Tennessee Criminal Court for Montgomery County Tennessee Case # 40900409 [previously filed herein as Attachment 1 to CM/ECF Docket Entry #25 on December 9, 2014.])

The present federal case plea agreement takes into account credit only from the time of the institution of the federal indictment. This is a result of factors of negociation between the attorneys. In the present agreement, no **offset** is made for the incarceration suffered between the date of the arrest and the date of the federal indictment. There were 274 days served in jail from the date of arrest until the state hearing which violated his probation. At that time the state charge of 'felon in possession' was retired. In effect, Mr. Fife would show that he was held on a retired charge for 274 days prior to the federal indictment, and prior to being judged in violation of probation; despite that all of these actions were rooted in the exact same acts and conduct.

Therefore, Mr. Fife would ask the Court to order that the Bureau of Prisons give credit against the instant federal sentence for the 274 days of incarceration, regardless of whether or not some other state credit were given against Mr. Fife's service for probation violation. This is appropriate because all charges and violations are instituted and addressed towards the same actions on November 28, 2010. Counsel does not ask for offset.

Counsel would note that the sentence recommended in the Plea Agreement was negotiated and crafted to explicitly take care for a major portion of pre-sentence time in incarceration. This request does not ask that any provision of the Plea Agreement be altered, nor any additional offset be made by this Court with the specific terms. The defendant has directed Counsel to protect the agreement. Counsel has therefore conferred with the Assistant U.S. Attorney in this regard. The U.S. does not object to this issue (of BOP interpretation of credit) being raised; regarding it specifically as not in violation of the Agreement so long as it does not seek alteration of the sentence 'number' (68 months to serve.)

Therefore, Counsel for Mr. Fife requests that this Court order the sentence as provided in the Agreement, adding thereto wording to require that the Bureau of Prisons give federal sentence credit towards service of the instant federal sentence made currently by this Court for the 274 days which passed between November 28, 2012 and August 28, 2013; to be ordered given credit concurrent to, and irrespective of any state credit given to that time for any sentence or probation violation sentence.

Respectfully Submitted,

__/s/ James Kevin Cartwright_____
JAMES KEVIN CARTWRIGHT
Attorney at Law
P. O. Box 184
Clarksville, Tennessee 37041-0184
Tel. (931) 647-3999
Fax. (931) 645-9145

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served by electronic means through the CM/ECF system or by U.S. Post postage prepaid on the 17th day of August 2016 to: Office of the United States Attorney, ATTN: Clay T. Lee, 110 Ninth Avenue, S., Suite A961, Nashville, TN 37203-3870 and All counsel of record listed by CM/ECF system as of this date.

  /s/ James Kevin Cartwright_____
JAMES KEVIN CARTWRIGHT(#011241)